UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJAL GUATAM,<br><br>                    Petitioner,<br><br>v.<br><br>CORRECTIONAL CORP OF AMERICA and OTAY MESA IMMIGRATION COURT,<br><br>                    Respondents. | Case No.: 25-cv-3600-JES-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) REQUIRING A RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(2) SETTING BRIEFING SCHEDULE; AND**<br><br>**(3) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Anjal Guatam's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Concurrently, Petitioner also filed a completed application to proceed in forma pauperis in which he attests he has no means to pay the $5.00 filing fee. ECF No. 2. Accordingly, the Court **GRANTS**

Petitioner's motion to proceed in forma pauperis. The Clerk shall file the Petition for a Writ of Habeas Corpus without prepayment of the filing fee.

Respondents are hereby **ORDERED TO SHOW CAUSE** as to why the Petition should not be granted by filing a written Response by **December 24, 2025**. Petitioner **MAY FILE** an optional Traverse in support of the Petition by **January 5, 2026**.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States or this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (finding that federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: December 19, 2025

Honorable James E. Simmons Jr.
United States District Judge